IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02804-BNB

REYNALDO Y. VILLA,

       Applicant,

v.

D.O.C. WARDEN JAMES FAULKER, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

       Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

    Applicant, Reynaldo Y. Villa, has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). Mr. Villa alleges in the application that he is challenging the validity of his criminal conviction in Denver District Court case number 2005CR400. The Court notes that Mr. Villa has initiated a separate habeas corpus action challenging the validity of his conviction in another Denver District Court case, case number 2005CR5751. *See Villa v. Dep't of Corrections*, 12-cv-01810-BNB (D. Colo. filed July 11, 2012).

    The court must construe the application liberally because Mr. Villa is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Villa will be ordered to file an amended application if he wishes to pursue any claims in this action.

    The court has reviewed the application and finds that it is deficient because Mr.

Villa fails to provide a clear statement of any claims for relief.  In particular, Mr. Villa fails to identify the federal constitutional right or rights he contends have been violated and he fails to allege specific facts in support of his claim or claims.  As a result, the court is unable to determine whether Mr. Villa is entitled to any relief in this action.  Therefore, Mr. Villa will be directed to file an amended pleading that clarifies the claims he is asserting.

Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Villa must "specify all [available] grounds for relief" and "state the facts supporting each ground."  In other words, Mr. Villa must identify clearly both the specific federal constitutional claims he is asserting and the specific facts that support each individual claim.  Mr. Villa is advised that these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Villa file an amended application that complies with this order **within thirty (30) days from the date of this order**.  It is

FURTHER ORDERED that Mr. Villa shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of

2

his case manager or the facility's legal assistant), along with the applicable instructions,

at www.cod.uscourts.gov.  It is

      FURTHER ORDERED that if Mr. Villa fails to file an amended application that

complies with this order within the time allowed, the action will be dismissed without

further notice.

      DATED November 13, 2012, at Denver, Colorado.

                      BY THE COURT:

                      s/ Boyd N. Boland
                      United States Magistrate Judge